Filed 11/24/14  Van Der Valk v. AU Energy CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANDRE VAN DER VALK, | B252975 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LC100376) |
| v. | |
| AU ENERGY, LLC, | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Russell S. Kussman, Judge.  Reversed.

Troutman Sanders, Louis M. Segreti and Andrew K. Puls for Defendants and Appellants.

Law Office of Gerard Philip Peters and Gerald P. Peters for Plaintiff and Respondent.

_____

Defendants AU Energy, LLC (AU Energy) and Kpish Goyal appeal the trial court's denial of their special motion to strike plaintiff's complaint under Code of Civil Procedure section 425.16.[1] Defendants are gasoline distributors and had a contract to provide gasoline to plaintiff's service stations. After defendants stopped delivering gasoline to one of plaintiff's stations due to a contract dispute, plaintiff transported gasoline in an unsafe manner from one of his stations to the station no longer receiving deliveries. Defendants reported plaintiff's conduct to the police, who filed charges against plaintiff for the unsafe transport of hazardous materials. After the charges against plaintiff were dismissed, he filed this action for malicious prosecution, defamation, and related claims.

The trial court denied defendants' special motion to strike, finding that because there was a factual dispute whether the police report was true or false, defendants' conduct was not protected activity. We reverse, concluding that the filing of the police report was protected because the police report was not incontrovertibly false, and plaintiff did not establish a reasonable probability of prevailing on the merits of his claims.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff operates a Shell Oil Company (Shell) service station on Ventura Boulevard in Tarzana, and another Shell station in North Hills. Plaintiff had a retail sales agreement with Shell pertaining to the purchase and sale of motor fuel and retail products. In September 2010, Shell assigned this agreement to AU Energy. AU Energy is a distributor in California of Shell gasoline.

In March 2011 a dispute arose between plaintiff and AU Energy because plaintiff failed to pay AU Energy for delivered gasoline. As a result, AU Energy stopped its gasoline deliveries to plaintiff's Tarzana service station. AU Energy's electronic fuel monitoring equipment indicated that fuel levels were rising at the Tarzana station, although no gasoline deliveries were being made. An AU Energy representative

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

surveilled the service station and observed a silver Chevy Silverado delivering gasoline to the station. The representative alerted Craig Walker, senior counsel of Shell.

Walker was concerned that gasoline was being delivered to the station from an unknown source. AU Energy's representative told Walker that it suspected the gasoline was being delivered from another one of plaintiff's gasoline stations, but did not know whether it was a Shell station or one of plaintiff's other branded or unbranded locations. Shell obtained samples of the gasoline from plaintiff's Tarzana service station on March 31, 2011, April 18, 2011, and April 21, 2011. The samples disclosed that the gasoline was Shell gasoline because it had Shell gasoline chemical signatures. Walker was also concerned that the transport of gasoline in the back up a pickup truck was unsafe and possibly illegal.

On April 26, 2011, with Walker's concurrence, Goyal, general counsel of AU Energy, called the Los Angeles Police Department to report the transport of gasoline. Goyal was referred to the hazardous material section, and told police that although the Tarzana station's fuel levels had been rising, it had not received any deliveries from Shell since early March 2011. Goyal told police that an area representative of AU Energy observed a silver Chevy Silverado truck delivering gasoline to the station's underground storage tanks. Police told Goyal they were investigating a stolen fuel theft ring, and asked Goyal if the activity at the Tarzana station could be related to the fuel theft ring. Goyal responded that he did not know. In April 2011, defendants filed a police report contending that plaintiff was dealing with stolen gasoline.

On April 27, 2011, police conducted a stake-out of the Tarzana service station and observed plaintiff pull up in a silver Chevy Silverado pickup truck. The vehicle had two after-market fuel tanks in the bed of the truck. Plaintiff's fuel tanks were not securely fastened to the bed of the truck and did not contain appropriately hazardous material warnings. Each tank could hold approximately 100 gallons. Plaintiff pumped some of the fuel from the tanks into the underground storage tanks of the service station. The police officer observing plaintiff confronted plaintiff and asked that he stop the fuel

3

transfer. Plaintiff informed the police officer that in order to avoid having his fuel level drop below approved limits, he transported fuel from his Van Nuys service station.

On May 24, 2011, the police contacted Walker. Walker told police that plaintiff was the lessee of the Tarzana service station, and that Shell was attempting to sell the site. Walker did not tell police about the business dispute between plaintiff and AU Energy. Plaintiff was arrested and charged with misdemeanor criminal violations for illegal transportation of fuel in violation of the Los Angeles Municipal Code arising out of his transport of the gasoline, but such charges were dismissed against him on May 26, 2012 on the basis of insufficient evidence. Plaintiff paid $1,000 in investigative costs to settle the matter.

Plaintiff's complaint filed May 29, 2013 alleged claims against AU Energy, Goyal, Walker, and Shell for false arrest/imprisonment, malicious prosecution, torts in essence and violations of ethical responsibilities, intentional infliction of emotional distress, and defamation.[2]

On August 23, 2013, defendants AU Energy and Goyal filed a special motion to strike, contending the filing of the police report was protected activity and that the criminal complaint against plaintiff was not brought or instigated by defendants; his claims were barred by the applicable statutes of limitations; his claims were barred by the litigation privilege; the criminal prosecution did not terminate in his favor; and his claims were barred as a matter of law. Defendants sought attorney fees and costs.

Plaintiff's opposition asserted the following: that his complaint was timely filed; the litigation privilege did not apply to any of his claims except his claim for malicious prosecution because those claims contained allegations of criminal conduct; defendants filed a false police report; the dismissal of the criminal proceedings constituted termination in his favor; and inadmissible evidence supported defendants' claim for attorney fees.

---

[2] Only AU Energy and Goyal are parties to this appeal.

In reply, defendants reiterated that the filing of the police report was privileged under Civil Code section 47; the criminal complaint was not filed by defendants, but rather by the police and did not lack probable cause; and plaintiff's claims were time barred.

The trial court denied the motion to strike, citing *Lefebvre v. Lefebvre* (2011) 199 Cal.App.4th 696 (*Lefebvre*) and framed the issue:  the "threshold question . . . is whether defendants['] criminal complaint, which underpins plaintiff's claims, is protected by the ant-SLAPP statute.  This, in turn, depends on whether the police report was true or false. If true, the activity was protected.  If false, it was not."  The court found there was a factual dispute whether the police report was true because Goyal was aware at the time of the report that plaintiff was likely transferring his own fuel—not stolen fuel—into his tanks, yet there was also evidence that Goyal had no intent to mislead the police.

Thus, the trial court effectively concluded that there was no uncontroverted evidence of a false report.

## DISCUSSION

Defendants contend the trial court applied the wrong standard in determining whether its conduct was protected activity by relying on *Lefebvre*, *supra*, 199 Cal.App.4th 696, and even if the trial court applied the correct standard, defendant's conduct in making the police report was protected; furthermore, plaintiff did not establish a reasonable likelihood of prevailing on the merits of his claims because all of his claims except malicious prosecution are barred by the litigation privilege, while his malicious prosecution claim fails because the alleged false police report was not the basis of plaintiff's prosecution, there was probable cause to prosecute him, the criminal action did not terminate in his favor, and the action is time-barred against defendant Goyal.

5

## I.    Standard of Review

Known as the anti-SLAPP[3] statute, section 425.16 provides that a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)  Ruling on an anti-SLAPP motion is a two-step process.  First, the trial court must determine whether the defendant has made a prima facie showing that the challenged cause of action arises from protected activity.  (*People ex rel. Fire Ins. Exchange v. Anapol* (2012) 211 Cal.App.4th 809, 822.) If, and only if, the defendant makes that showing must the trial court proceed to the second step—determination of whether the plaintiff has shown a probability of prevailing on the claim.  (*Ibid*.)  The appellate court reviews a ruling on an anti-SLAPP motion de novo, using the same two-step process.  (*Coretronic Corp. v. Cozen O'Connor* (2011) 192 Cal.App.4th 1381, 1387; *Cabral v. Martins* (2009) 177 Cal.App.4th 471, 478.)

Subdivision (e) of section 425.16 delineates the type of speech or petitioning activity protected.  Such acts include (1) written or oral statements "made before a legislative, executive, or judicial proceeding"; (2) written or oral statements "made in connection with an issue under consideration or review by a legislative, executive, or judicial body"; (3) written or oral statements "made in a place open to the public or a public forum in connection with an issue of public interest"; or (4) "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  (§ 425.16, subd. (e).)  Courts have not precisely defined the boundaries of a cause of action "arising from" such protected activity.  (§ 425.16, subd. (b).)  *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78 explained that "the statutory phrase 'cause of action . . . arising from'

---

[3] SLAPP is the acronym for strategic lawsuit against public participation.

means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citation.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech."

Whether the statute applies is determined from the "*principal thrust* or *gravamen*" of the plaintiff's claim. (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188.) In making these determinations, the trial court considers the pleadings, and supporting and opposing affidavits. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) We review the trial court's ruling on the motion to strike independently under a de novo standard. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.) We do not weigh credibility, but accept as true the evidence favorable to plaintiff and evaluate the defendant's evidence only to determine whether it defeats the plaintiff's evidence as a matter of law. (*Id*. at p. 326.)

## II. Protected Activity

Statements made to police in response to a perceived wrongdoing for the purpose of garnering police assistance are within the scope of the anti-SLAPP statute. (*Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1286; *Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563, 1570.) However, "section 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law." (*Flatley v. Mauro*, *supra*, 39 Cal.4th at p. 317; *Lefebvre*, *supra*, 199 Cal.App.4th at p. 704.) "An activity may be deemed unlawful as a matter of law when the defendant does not dispute that the activity was unlawful, or uncontroverted evidence conclusively shows the activity was unlawful." (*Dwight R. v. Christy B*. (2013) 212 Cal.App.4th 697, 712.) Thus, in *Lefebvre*, the court concluded the defendants' actions in filing a police report against the plaintiff did not involve an exercise of the right of petition or free speech because the defendants did not deny they had "submitted an illegal, false criminal report" against the plaintiff. The record conclusively established the defendants' statements to police were false, and thus

7

illegal under Penal Code section 148.5 (it is a misdemeanor to make a false police report), their anti-SLAPP motion was properly denied. (*Lefebvre*, at pp. 705–706.)

However, a defendant may invoke the anti-SLAPP statute if the plaintiff's allegations of unlawful activity have not been established either by uncontroverted evidence or admission. (*Dwight R. v. Christy B.*, *supra*, 212 Cal.App.4th at p. 712.) In *Dwight R. v. Christy B.*, the defendant was alleged to have falsely reported to county social workers that the plaintiff sexually abused his five-year-old daughter. (*Id.* at pp. 702–703.) The court concluded that allegedly false report constituted protected activity because the defendant did not concede, but rather denied, that she engaged in any unlawful activity. The court held that the plaintiff's "mere allegation that [the defendant] engaged in unlawful . . . activities is insufficient to render her alleged actions unlawful as a matter of law and outside the protection of Code of Civil Procedure section 425.16." (*Id.* at p. 712.)

Here, because defendants' statements made to police for the purpose of obtaining assistance to address wrongdoing are protected, and no uncontroverted evidence established that its police report was false, the activity fell within the protection of section 425.16. Goyal spoke to the police and reported facts he understood to be true, namely, that plaintiff was moving fuel in unsafe tanks loaded in the back of a pickup truck. Police conducted a surveillance of plaintiff's service station and observed the same conduct. While conducting their investigation, police asked whether Goyal was reporting activity related to fuel theft; Goyal responded that he did not know. Thus, although Goyal did not tell police that plaintiff's activity was *not* related to theft, given the facts that Goyal had at the time he was speaking to the police, he did not have a basis to confirm or deny the police's question. Although Goyal knew that Shell Oil was being placed in plaintiff's tanks, he did not have a basis for concluding that it positively came from another one of plaintiff's other service stations.

8

### III.    Probability of Prevailing on the Merits

To satisfy the second prong of the anti-SLAPP analysis—the probability of prevailing on the merits—the plaintiff must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to support a favorable judgment if the evidence submitted by the plaintiff is accepted.  We look at the pleadings and declarations, accepting as true the evidence that favors the plaintiff and evaluating the defendant's evidence ''"only to determine if it has defeated that submitted by the plaintiff as a matter of law." [Citation.]' (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)  The plaintiff's cause of action needs to have only '"minimal merit" [citation]' to survive an anti-SLAPP motion.  (*Id*. at p. 291.)" (*Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1105.)

#### A.    Litigation Privilege

Defendants argue that all of plaintiff's claims (false arrest/imprisonment, torts in essence, intentional infliction of emotional distress, and defamation), except for malicious prosecution, are barred by the litigation privilege.  We agree.

The privilege in Civil Code section 47, subdivision (b) applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that has some connection or logical relation to the action.  The Supreme Court has observed that the principal purpose of section 47, subdivision (b) is to afford litigants and witnesses freedom of access to the courts without fear of being harassed by derivative tort actions.  The privilege is absolute and bars all causes of action except a claim of malicious prosecution.  (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360–361.)

Thus, all of plaintiff's claims (except malicious prosecution), because they arise from the police report made by defendants concerning plaintiff's transport of fuel in the back of his pickup truck, are barred by the absolute privilege of Civil Code section 47, subdivision (b).

9

### B.     *Malicious Prosecution*

To prevail on a cause of action for malicious prosecution, plaintiff must prove that defendants initiated criminal proceedings against him and proof of: (1) termination of the criminal proceedings in the plaintiff's favor, (2) lack of probable cause, and (3) malice on the part of defendants. (See *Zamos v. Stroud* (2004) 32 Cal.4th 958, 965.) A person can be liable for malicious prosecution without personally signing the complaint initiating the proceedings; the defendant can be liable if "actively instrumental" in causing the prosecution. (*Greene v. Bank of American* (2013) 216 Cal.App.4th 454, 463–464.) "'Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime.'" (*Id.* at p. 464.)

"When, as here, the claim of malicious prosecution is based upon initiation of a criminal prosecution, the question of probable cause is whether it was objectively reasonable for the defendant . . . to suspect the plaintiff . . . had committed a crime." (*Ecker v. Raging Waters Group, Inc*. (2001) 87 Cal.App.4th 1320, 1330.) For purposes of a malicious prosecution action, "[p]robable cause does not depend upon the possession of facts which satisfactorily prove the guilt of an accused person. It has reference to the common standard of human judgment and conduct. It exists if one is possessed of information or facts which are sufficient to cause a reasonable person to honestly believe the charge is true [citation]." (*Northrup v. Baker* (1962) 202 Cal.App.2d 347, 354.)

"For purposes of a malicious prosecution claim, malice 'is not limited to actual hostility or ill will toward the plaintiff. . . .' [Citation.]" (*Sycamore Ridge Apartments LLC v. Naumann* (2007) 157 Cal.App.4th 1385, 1407.) "[I]f the defendant had no substantial grounds for believing in the plaintiff's guilt, but, nevertheless, instigated proceedings against the plaintiff, it is logical to infer that the defendant's motive was improper." (5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 485, p. 710.)

Lastly, "[a] voluntary dismissal is presumed to be a favorable termination on the merits . . . ." (*Sycamore Ridge Apartments, LLC v. Naumann*, *supra*, 157 Cal.App.4th at

10

p. 1400.)  This presumption arises from the assumption that a party """"does not simply abandon a meritorious action once instituted."""" (*Ibid.*)  However, "[a] dismissal resulting from negotiation, settlement, or consent is generally not deemed a favorable termination of the proceedings."  (*Minasian v. Sapse* (1978) 80 Cal.App.3d 823, 827, fn. 4.)

Here, plaintiff cannot establish a lack of probable cause.  The evidence establishes that it was objectively reasonable for Goyal to believe a crime was being committed based upon Goyal's observations of plaintiff's conduct in transporting fuel in the back of his pickup and Goyal's knowledge of the contract dispute that resulted in no fuel being delivered to plaintiff's gas stations.  These facts do not support the conclusion that the police instigated their investigation or filed the complaint against plaintiff based upon Goyal's response that he was not sure if the gasoline was stolen or not.  Rather, the police investigation was launched based upon the tip that plaintiff was engaging in unsafe fuel transport.  Further, plaintiff's settlement of the criminal matter by payment of investigative fees does not constitute favorable termination of the pending misdemeanor charges.  (*Minasian v. Sapse*, *supra*, 80 Cal.App.3d at p. 827, fn. 4.)

### C. Attorney Fees

Defendants contend they are entitled to attorney fees as the prevailing party.  We agree.  Section 425.16, subdivision (c)(1), provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."  "The defendant may recover fees and costs only for the motion to strike, not the entire litigation."  (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320.)  "[A]scertaining the fee amount is left to the trial court's sound discretion."  (*Id*. at p. 1321.)  Defendants' special motion to strike must be granted, and because defendants are the prevailing parties in this appeal, they are entitled to recover its fees and costs attributable to both the motion and the appeal.

## DISPOSITION

The order is reversed. The trial court is directed to enter an order striking plaintiff's complaint. Defendants are awarded costs on appeal. Their entitlement, if any, under Code of Civil Procedure section 425.16 to reasonable attorney fees and costs incurred on the special motion to strike in the trial court and on appeal shall be determined by the trial court on remand.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.