Filed 5/29/13  Casey v. Thrifty Payless CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| TRACI M. CASEY, | B242206 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC478867) |
| v. | |
| THRIFTY PAYLESS, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Rolf M. Treu, Judge.  Reversed.

Manning & Kass, Ellrod, Ramirez, Trester, Jeffrey M. Lenkov, Martin D. Holly, and Julie Fleming for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Plaintiff was arrested after defendant reported to police that plaintiff was trafficking in prescription drugs. Plaintiff sued defendant for, inter alia, defamation and false imprisonment, alleging its report to police was false. Defendant denied the allegations and specially moved to strike the complaint as a strategic lawsuit against public participation (SLAPP) pursuant to Code of Civil Procedure section 425.16, arguing its police report constituted protected activity and plaintiff could not establish a probability of prevailing on the merits. Plaintiff filed no opposition to the motion but the trial court nevertheless denied it, concluding it had to accept as true the allegation that the police report was false and finding defendant's making of a false report was unprotected activity.

The trial court erred. Although making a false police report is not protected activity, when a defendant specially moves to strike a complaint under Code of Civil Procedure section 425.16 the court cannot accept as true plaintiff's mere allegation that defendant's police report was false. If no admission or uncontroverted evidence, as opposed to bare allegations, establishes that a police report was false, the making of the report is protected activity subject to the protections of the anti-SLAPP statute. Because defendant's conduct was protected and plaintiff failed to demonstrate a reasonable probability of prevailing on the merits, defendant's motion to strike should have been granted. We therefore reverse the trial court's ruling.

## BACKGROUND

We take the facts from the complaint. On February 10, 2010, plaintiff Traci Casey arrived at a Rite Aid store owned by defendant Thrifty Payless, Inc. (hereafter Rite Aid) with written authorization to pick up prescription medication for a patient. Forewarned by a Rite Aid employee, Los Angeles County Sheriff's deputies were waiting, dressed as Rite Aid employees. After Casey obtained the medication, deputies arrested her on suspicion of drug trafficking, ignoring the documentation authorizing her to obtain the medication and her request that they phone the physician who had prescribed the medication or the patient to whom it was to be delivered. Sheriff's deputies later released her, apparently without charging her.

2

Casey sued Rite Aid and the Sheriff's Department for defamation, false imprisonment, negligence, and intentional infliction of emotional distress. In the complaint, she alleged a Rite Aid employee, acting maliciously and without probable cause, instigated her arrest by giving false and defamatory statements to the Sheriff's Department that she was trafficking in a controlled substance.

The Sheriff's Department prevailed on its demurrer to the complaint and is not party to this appeal. Rite Aid answered the complaint with a general denial of any wrongdoing and moved to dismiss the complaint pursuant to Code of Civil Procedure section 425.16, arguing the lawsuit arose out of protected activity—its employee's report to police—and Casey could not establish a reasonable probability she would prevail on her claims. Rite Aid submitted no evidence in support of the motion, and Casey filed no opposition.

The court issued a tentative ruling before the hearing. Relying on the recent case of *Lefebvre v. Lefebvre* (2011) 199 Cal.App.4th 696 (*Lefebvre*), the court wrote that because "a false police report has been held to not constitute protected activity," the "alleged falsity" of Rite Aid's report to police rendered the communication unprotected activity. The court denied the special motion to strike accordingly, and did not reach the second prong of a section 425.16 analysis, i.e., whether the plaintiff has established a reasonable probability of success on the merits.

At the hearing, the trial court indicated it was bound to accept as true plaintiff's allegation that the police report was false. After taking the matter under submission the court adopted its tentative ruling as the final order.

## DISCUSSION

### A. Anti-SLAPP Motion

Rite Aid contends the trial court erred in denying its special motion to strike. We agree.

As our Supreme Court has noted, Code of Civil Procedure section 425.16 provides in relevant part: "'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or

3

California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' [Citation.] Under this statute, the party moving to strike a cause of action has the initial burden to show that the cause of action 'aris[es] from [an] act . . . in furtherance of the [moving party's] right of petition or free speech.' [Citations.] Once that burden is met, the burden shifts to the opposing party to demonstrate the 'probability that the plaintiff will prevail on the claim.' [Citations.]" (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 964-965.)

Statements made to police in response to a perceived wrongdoing for the purpose of garnering police assistance are within the scope of the anti-SLAPP statute. (*Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1286; *Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1512; *Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563, 1570.) But Code of Civil Procedure "section 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 317; *Lefebvre*, *supra*, 199 Cal.App.4th at p. 704.) "An activity may be deemed unlawful as a matter of law when the defendant does not dispute that the activity was unlawful, or uncontroverted evidence conclusively shows the activity was unlawful." (*Dwight R. v. Christy B*. (2013) 212 Cal.App.4th 697, 712.)

The trial court relied on our colleagues' decision in *Lefebvre* for the proposition that an *allegedly* false police report constitutes unprotected activity as a matter of law. The reliance was misplaced. In *Lefebvre*, Division Eight of this court concluded the defendants' actions in filing a police report against the plaintiff did not involve an exercise of the right of petition or free speech. But that was because the defendants did not deny they had "submitted an illegal, false criminal report" against the plaintiff. (199 Cal.App.4th at p. 705.) Because the record conclusively established the defendants' statements to police were false, and thus illegal under Penal Code section 148.5 (it is a misdemeanor to make a false police report), their anti-SLAPP motion was properly denied.

But a defendant *may* invoke the anti-SLAPP statute if the plaintiff's allegations of unlawful activity have not been established either by uncontroverted evidence or admission. (*Dwight R. v. Christy B.*, *supra*, 212 Cal.App.4th at p. 712.) Here, the falsity of Rite Aid's employee's statements to sheriff's deputies has not been conclusively established, either by uncontroverted evidence or Rite Aid's admission. On the contrary, Rite Aid denies any wrongdoing. *Lefebvre* is thus of no assistance in terms of defeating Rite Aid's motion, and the trial court erred when it concluded Casey's lawsuit arose out of unprotected activity.

Several cases illustrate the distinction between a plaintiff's bare allegations of unlawful activities and uncontroverted evidence that the activities are unlawful. In *Siam v. Kizilbash*, *supra*, 130 Cal.App.4th 1563, the defendant's allegedly false report to school officials that the plaintiff had abused the defendant's children was protected activity, notwithstanding plaintiff's allegation of falsity, because no uncontroverted evidence showed that the report was false. (*Id*. at pp. 1569–1570.) Similarly, in *Chabak v. Monroy*, *supra*, 154 Cal.App.4th 1502, the defendant's allegedly false report to police that the plaintiff inappropriately touched her was deemed protected activity because there was no uncontroverted evidence showing the report to be false.

Most recently, in *Dwight R. v. Christy B.*, *supra*, 212 Cal.App.4th 697, the defendant was alleged to have falsely reported to county social workers that the plaintiff sexually abused his five-year-old daughter. (*Id*. at pp. 702-703.) Division Two of the Fourth Appellate District concluded the allegedly false report constituted protected activity because the defendant did not concede, but rather denied, that she engaged in any unlawful activity. The court held that the plaintiff's "mere allegation that [the defendant] engaged in unlawful . . . activities is insufficient to render her alleged actions unlawful as a matter of law and outside the protection of Code of Civil Procedure section 425.16." (*Id*. at p. 712.)

Because statements made to police for the purpose of obtaining assistance to address wrongdoing are protected, and no admission by Rite Aid or uncontroverted

5

evidence established that its police report was false, the activity fell within the protection of Code of Civil Procedure section 425.16.

"The second step of the anti-SLAPP procedure—a 'probability of prevailing' on the merits—means a plaintiff must show that he or she has 'a reasonable probability of prevailing, not prevailing by a preponderance of the evidence. For this reason, a court must apply a "summary-judgment-like" test [citation], accepting as true the evidence favorable to the plaintiff and evaluating the defendant's evidence only to determine whether the defendant has defeated the plaintiff's evidence as a matter of law. [Citation.] A court may not weigh credibility or compare the weight of the evidence. The court's single task is to determine whether the plaintiff has made a prima facie showing of facts supporting his or her cause of action. [Citation.]' [Citation.]" (*Lefebvre*, *supra*, 199 Cal.App.4th at p. 702.)

Because she filed no opposition to Rite Aid's special motion to strike, Casey failed to carry her burden of proving a reasonable probability of success on the merits.

Because Rite Aid's actions were in furtherance of its petition rights and Casey made no effort to make a prima facie showing of facts to support her claims, the lawsuit cannot go forward.

### B.     Attorney Fees

Rite Aid contends the trial court should have granted its motion for attorney fees incurred in bringing the special motion to strike. We agree.

Code of Civil Procedure section 425.16, subdivision (c)(1), provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." "The defendant may recover fees and costs only for the motion to strike, not the entire litigation." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320.) "[A]scertaining the fee amount is left to the trial court's sound discretion." (*Id*. at p. 1321.)

Because Rite Aid's special motion to strike must be granted, and because Rite Aid is the prevailing party in this appeal, it is entitled to recover its fees and costs attributable to both the motion and the appeal.

## DISPOSITION

The trial court's order denying Rite Aid's special motion to strike is reversed. Rite Aid is entitled to recover its costs and attorney fees incurred both in bringing its motion and on appeal, in amounts to be determined by the trial court.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

MALLANO, P. J.

JOHNSON, J.

7