An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK T. COBURN, AN INDIVIDUAL, D/B/A THE LAW OFFICE OF MARK T. COBURN AND THE LAS VEGAS TICKET ATTORNEY,
Appellant,
vs.
SCOTT M. HOLPER, AN INDIVIDUAL D/B/A SCOTT HOLPER LAW GROUP; AND D/B/A VEGAS TICKET MASTERS,
Respondent.

No. 64608

FILED

JUL 2 2 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a special motion to dismiss under Nevada's anti-SLAPP statute. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

The version of Nevada's anti-SLAPP statute in effect at the time appellant's special motion to dismiss was filed applied to actions "brought against a person based upon a good faith communication in furtherance of the right to petition." NRS 41.660(1) (1997). The district court found that appellant did not meet his burden to make a threshold showing that the conduct alleged in respondent's complaint was made in furtherance of the right to petition. *See John v. Douglas Cnty. Sch. Dist.*, 125 Nev. 746, 754, 219 P.3d 1276, 1282 (2009). Having reviewed the district court's order, we affirm. *See John*, 125 Nev. at 753, 219 P.3d at 1281 (applying a de novo standard of review to an order granting a special motion to dismiss because such motions are to be treated as motions for summary judgment).

Appellant has not shown that his alleged distribution of the police report and statements made to respondent's employees were in "furtherance of the right to petition," that he was petitioning a government agency, or that the issue raised in the police report and

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22270

appellant's alleged written statements on the report were of reasonable concern to any government agency to which appellant distributed the report. NRS 41.637 (1997); *John*, 125 Nev. at 753, 762, 219 P.3d at 1281, 1287. As to appellant's alleged slanderous statements about respondent to the marshals, false statements made to police officers are not "protected activity" within the meaning of the anti-SLAPP statute. *See Lefebvre v. Lefebvre*, 131 Cal. Rptr. 3d 171, 175 (Ct. App. 2011) (holding that the act of making a false police report is not an act in furtherance of the constitutional rights of petition or free speech). Accordingly, we conclude that the district court did not err in finding that appellant failed to meet his burden to prevail on an anti-SLAPP special motion to dismiss, and therefore we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Joanna Kishner, District Judge
Israel Kunin, Settlement Judge
Warm Springs Law Group
Harold P. Gewerter, Esq., Ltd.
Eighth District Court Clerk

---

[1]We have reviewed appellant's remaining arguments and conclude that they lack merit in the context of an appeal from an order denying a special motion to dismiss.