Filed 4/27/21  Ricketts v. Integrity Property Management CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DONAT RICKETTS, | B302685 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC705085) |
| v. | |
| INTEGRITY PROPERTY MANAGEMENT, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ruth Ann Kwan, Judge.  Affirmed in part and dismissed in part.

Donat Ricketts, self-represented litigant, Plaintiff and Appellant.

Liddle & Liddle and Raymond V. Zakari for Defendants and Respondents Valerie E. Gilbert and Monica Malek-Yonan.

Law Offices of James W. Bates and James W. Bates for Defendants and Respondents Integrity Property Management, Inc., and Cahuenga-North Hollywood, LLC.

_____

Plaintiff Donat Ricketts appeals from the judgment of dismissal in favor of his former landlord Integrity Property Management, Inc., the landlord's property manager and attorneys, and an entity related to the landlord. The trial court granted defendants' special motions to strike pursuant to the anti-SLAPP statute, Code of Civil Procedure section 425.16.[1] The court concluded that Ricketts's claims arose out of protected activity, namely defendants' actions in connection with an unlawful detainer proceeding and restraining orders issued against Ricketts. It also found that Ricketts did not establish a probability of prevailing on his claims. The court also sustained defendants' demurrers without leave to amend.

On appeal, Ricketts contends that the trial court erred by striking his causes of action because they did not arise from protected activity within the meaning of the anti-SLAPP statute. We conclude that his appeal from these orders is untimely, and dismiss that portion of the appeal. Ricketts also argues the trial court erred in awarding attorney fees to the landlord under the anti-SLAPP statute, and in sustaining the demurrers without leave to amend. We find no error and affirm these orders.

### FACTUAL AND PROCEDURAL BACKGROUND

Ricketts's dispute with his landlord, Integrity Property Management, Inc. (Landlord), began when Landlord asserted that Ricketts was behind in his rent, and Ricketts claimed that Landlord had allowed a third party to burglarize his apartment. The parties' disagreement ballooned into an unlawful detainer proceeding, a small claims action, multiple restraining orders issued against Ricketts, Ricketts's arrest for violating a restraining

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

2

order, and, ultimately, Ricketts's current action against Landlord and related parties.

## 1. *Ricketts's Complaint*

On May 4, 2018, Ricketts filed the current action against Landlord, Landlord's property manager Cherry Hein (Hein), and Landlord's attorneys, Valerie Gilbert and Monica Malek-Yonan (Attorney-Defendants) alleging causes of action for breach of contract, fraud, retaliatory eviction, forcible entry, trespass, illegal lockout, intentional infliction of emotional distress, injury to reputation, abuse of process, malicious prosecution, and false arrest/false imprisonment.

Ricketts's claims were based on the following allegations: On October 3, 2017, Ricketts gave notice he was terminating his lease of Landlord's apartment. Landlord's agent accepted his "30-days notice" but informed Ricketts that his rent was "due for October" and the "security deposit is not considered last month[']s rent." Landlord soon after threatened to file an unlawful detainer action and conspired with Hein to allow a third party to burglarize his apartment. Ricketts's suitcase was stolen from his apartment.

Landlord initiated an unlawful detainer action against Ricketts, and Ricketts filed a small claims action against Landlord for damages arising from his stolen property. The small claims action was resolved against Ricketts when Landlord "committed intrinsic fraud to win." While the unlawful detainer action was pending, Hein obtained a restraining order against Ricketts based on "fabricated" statements and a "fake 3-day-notice to pay/quit[]." Hein then made a "false police report" concerning Ricketts, and the police arrested him for violating the restraining order, causing his "false imprisonment." Landlord proceeded to obtain its own

3

"meritless" restraining order against Ricketts by filing "fraud[ulent] documents" in the trial court.

Ricketts's complaint also alleged that due to a "clerical error," Ricketts lost the unlawful detainer action, and the sheriff executed a writ of possession, locking him out of the apartment. As summarized by the trial court, the complaint then alleged that the police proceeded to issue a bench warrant for Ricketts's arrest after Hein called the police to "enforce an illegal lockout." The unlawful detainer judgment was ultimately set aside and Landlord dismissed that action as Ricketts was no longer in possession of the property.

## 2. *Defendants' First Anti-SLAPP Motion*

Landlord and Hein jointly moved to strike the complaint under section 425.16, as did the Attorney-Defendants. On October 23, 2018, the trial court granted the motions as to all cases of action except the fraud and false imprisonment claims. The court found that "[t]he alleged acts of filing complaints/UD actions, making statements during court hearings/submitting evidence during court proceedings, seeking/enforcing restraining orders, enforcing court orders, and serving a three-day notice constitute protected activities under C.C.P. § 425.16." The court further found that Ricketts did not submit admissible evidence to establish a probability of prevailing on his claims. The court on its own motion struck the fraud and false imprisonment causes of action for failure to allege sufficient facts to constitute a cause of action, and granted Ricketts leave to amend only these claims.

Ricketts moved for reconsideration two days later, which the trial court denied. The court subsequently granted Landlord's motion for attorney fees in the amount of $7,010.

4

### 3.   *The First Amended Complaint*

On January 23, 2019, Ricketts filed a first amended complaint (FAC) for false arrest, false imprisonment, and 13 additional causes of action.  Landlord and Hein moved to strike the FAC and to specially strike it under section 425.16.  The Attorney-Defendants demurred to the FAC.  On April 4, 2019, the court struck the FAC in its entirety because it "violated the court's order and exceeded the scope of leave to amend."  Defendants' other motions and demurrers became moot.  The court allowed Ricketts "one last chance to file an amended complaint."

### 4.   *The Second Amended Complaint*

On April 8, 2019, Ricketts filed a second amended complaint (SAC) for fraud (against all defendants) and false arrest/false imprisonment (against Hein and Landlord).  The SAC also named as a defendant Cahuenga-North Hollywood, LLC (Cahuenga-North), and alleged that Cahuenga-North was the owner of the subject property and may have "ties to the attorneys of record, the Superior Court of Los Angeles and judges within Los Angeles County."

The fraud cause of action alleged that "Defendants knowingly and willfully concealed material facts" during the unlawful detainer trial, and Attorney-Defendants "encouraged" Landlord and Hein to file "false police reports in order to convince the Superior Court" to grant "frivolous" restraining orders.  As to Cahuenga-North, the SAC alleged that this entity's owner "could have financial, moral or any other ties with judges."

The false arrest/false imprisonment claim alleged that in retaliation for Ricketts's requesting a jury trial in the unlawful detainer action, Landlord and Hein obtained a restraining order by submitting a "fake 3-Day Notice to Pay/Quit" to the court.  Ricketts

5

subsequently texted Hein, who called the police for sending "threatening text messages." The police arrested Ricketts, and detained him for four days.

**5.      *Landlord and Hein's Anti-SLAPP Motion and Attorney-Defendants' and Cahuenga-North's Demurrers to the SAC***

Landlord and Hein jointly moved to strike the SAC under section 425.16, and the Attorney-Defendants raised a general demurrer. Cahuenga-North demurred as well, arguing there were "no complaint allegations against" it, and that the fraud cause of action was uncertain.

On July 11, 2019, the trial court sustained the demurrers without leave to amend and granted the anti-SLAPP motion. As to the Attorney-Defendants' demurrer, the court concluded that Ricketts had failed "to plead with specificity what fraudulent acts defendants Gilbert and Malek-Yon[e]n committed against plaintiff." As to Cahuenga-North's demurrer, the court concluded that Ricketts had "failed to allege any facts to establish any of the elements of fraud" as to this defendant.

As to the special motion to strike, the court found that the fraud and false arrest causes of action were based on Landlord and Hein's alleged filing of false police reports. The trial court reasoned that while "making a false police report is not a protected activity under C.C.P. § 425.16 . . . 'when allegations of making false reports are controverted, they are insufficient to render that alleged conduct unlawful as a matter of law and outside the protection of section 425.16.' "[2] The trial court noted that Hein's

---

[2]      Making a false police report is not "protected activity" under the anti-SLAPP statute. (*Lefebvre v. Lefebvre* (2011)

6

account of Ricketts's violation of the restraining order was consistent with statements made by Landlord's office manager. The court concluded the alleged false police reports were controverted and, therefore, protected activity for purposes of the anti-SLAPP motion.

The trial court further found that Ricketts did not submit admissible evidence to establish the probability of prevailing on the false police report claims. Specifically, he "failed to produce any evidence indicating [Landlord] and Hein's actions are not privileged—that their reports to the police were uncontrovertibly false."

Ricketts moved for reconsideration, and some two months later, on September 26, 2019, the trial court denied the motion. On October 17, 2019, the court entered a judgment of dismissal. Ricketts appealed on November 27, 2019.

### DISCUSSION[3]

### 1. Untimeliness of Appeal of the Anti-SLAPP Orders

On appeal, Ricketts challenges the trial court's orders granting the anti-SLAPP motions to the original complaint and SAC, the order granting attorney fees to Landlord in connection with Landlord's first anti-SLAPP motion, and the order sustaining Attorney-Defendants' and Cahuenga-North's demurrers to the SAC

---

199 Cal.App.4th 696, 703.) However, "when allegations of making false reports are controverted, they are insufficient to render that alleged conduct unlawful as a matter of law and outside the protection of section 425.16." (*Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 967.)

[3] We grant Ricketts's request for judicial notice as to Exhibits 11 through 22 and the September 26, 2019 minute order, and deny the request as to Exhibits 10 and 23.

without leave to amend.  There is no dispute that Ricketts timely appealed from the order sustaining the demurrers as he filed his notice of appeal within 60 days of being served with the court's notice of entry of dismissal.  (See Cal. Rules of Court (CRC), rule 8.104(a)(1).)[4]  Ricketts's appeal of the order granting attorney fees was likewise timely as such an order is reviewable on a timely appeal from the judgment.  (See *Martin v. Inland Empire Utilities Agency* (2011) 198 Cal.App.4th 611, 632.)  However, Ricketts did not timely appeal the trial court's orders granting the anti-SLAPP motions to the original complaint and SAC, but only from October 17, 2019 judgment that followed later.  This failure requires us to dismiss his appeal from those orders.

"[T]he filing of a timely notice of appeal is a jurisdictional prerequisite.  'Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.'  [Citations.]"  (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)  "Whether a trial court's order is appealable is determined by statute.  [Citation.]  The anti-SLAPP statute provides that an 'order granting or denying a special motion to strike shall be appealable' under section 904.1.  (§ 425.16, subd. (i).)  Section 904.1 likewise provides that '[a]n appeal . . . may be taken . . . [f]rom an order granting or denying a special motion to strike under [s]ection 425.16.'  (§ 904.1, subd. (a)(13).)"  (*Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 67.) An order granting or denying an anti-SLAPP motion is a separately appealable order and is not tethered to the final judgment in the case.  As explained in *Reyes,* the Court of Appeal in *Maughan v.*

---

[4]     All further undesignated rule references are to the California Rules of Court.

8

*Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1247, "found it had no jurisdiction to consider the appeal from an order granting the defendant's motion to strike the complaint under the anti-SLAPP statute, because the order was 'final when made, and thus appealable' despite the trial court's later issuance of a judgment and related order granting attorney fees and costs." (*Reyes,* at p. 68.)

Here, the court's order striking portions of the original complaint—all causes of action except for fraud and false imprisonment—was entered on October 23, 2018. Generally, the "deadline to appeal an order granting a special motion to strike is 60 days after service by the clerk of a filed-endorsed copy of the order granting the anti-SLAPP motion, or 60 days after notice of entry of that order is served by a party, whichever is earlier. (CRC, rule 8.104(a)(1), (e).)" (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 280.) However, because Ricketts filed a motion for reconsideration two days after the court's order, the time for filing the notice of appeal was extended until 90 days after his motion to reconsider was filed. (See CRC, rule 8.108(e).)[5] The 90th day was January 23, 2019. Ricketts did not file a notice of

---

[5]     CRC rule 8.108(e) provides: "If any party serves and files a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended for all parties until the earliest of:
(1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order;
(2) 90 days after the first motion to reconsider is filed; or
(3) 180 days after entry of the appealable order." The earliest of these time periods here was 90 days after the first motion to reconsider was filed.

appeal of the first anti-SLAPP order until after his time for appeal had expired. The mark was missed considerably—Ricketts's notice of appeal was filed more than 10 months later on November 27, 2019.

As to the court's later order granting the anti-SLAPP motion on the fraud and false imprisonment causes of action that were re-alleged in the SAC, that order was entered on July 11, 2019. Ricketts moved for reconsideration the next day. Ninety days from the filing of his motion for reconsideration elapsed on October 10, 2019. Ricketts did not appeal within that time, but, as we have earlier stated, Ricketts filed his notice of appeal on November 27, 2019.

We conclude that Ricketts's appeal of the October 23, 2018 and July 11, 2019 orders granting the anti-SLAPP motions is untimely, and is not cognizable on appeal from the October 17, 2019 judgment.[6] The appeal of these orders must be dismissed. (See *Maughan v. Google Technology, Inc.*, *supra*, 143 Cal.App.4th at p. 1247.)

**2.      *Appeal of Order Awarding Attorney Fees***

Because the order awarding attorney fees is reviewable on the appeal from the judgment, Ricketts's appeal on this issue is timely. We address the merits.

Ricketts briefly argues the trial court should have limited Landlord's attorney fees in connection with the Landlord's first anti-SLAPP motion to $500. He cites to a provision in the rental

---

[6]      Because Ricketts's appeal from the order granting the anti-SLAPP motion is untimely, the related orders denying Ricketts's motion for reconsideration are not reviewable. (See § 1008, subd. (g).)

agreement that purportedly provides, "if any legal action or proceeding be brought by either party to enforce any part of this agreement, the prevailing party shall be entitled to recover attorney fees not to exceed $500." Ricketts does not support this contention with any further argument, such as explaining why the current action should be deemed a legal action brought to "enforce" his lease agreement with Landlord, or whether the $500 limitation applies to statutory attorney fees under section 425.16, subdivision (c)(1). As Ricketts also does not cite to any legal authority, we treat this contention as waived. (See *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1004.)

3.  ***Appeal of Judgment Following Sustaining of Demurrers***

Because the orders sustaining the demurrers are also reviewable on the appeal from the judgment, Ricketts's appeal on this issue is also timely. We address the merits.

Ricketts argues the trial court abused its discretion in sustaining the Attorney-Defendants' demurrer to the SAC without leave to amend because "additional facts" could have been uncovered during discovery.[7] However, he does not identify on appeal what new, specific "facts" would cure the defects in the complaint, and thus, has not met his burden of showing that those

---

[7] Ricketts also argues the trial court erred in denying his ex parte application for discovery. However, the October 23, 2018 ex parte application to which he cites was filed in response to "defendant's objection to plaintiff's response to anti-SLAPP motions." Ricketts mentioned discovery in the application but did not ask the trial court for an order permitting discovery. (See § 425.16, subd. (g) ["The court, on noticed motion and for good cause shown, may order that specified discovery be conducted . . . ."].)

11

defects could be cured by amendment. (See *California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247 ["it is an abuse of discretion for the court to sustain a demurrer without leave to amend if the plaintiff has shown there is a reasonable possibility a defect can be cured by amendment."].) We also observe that the trial court provided Ricketts with two opportunities to amend his complaint to cure its defects.

As to Cahuenga-North's demurrer, Ricketts argues the court should not have sustained that demurrer because this defendant owed "a fiduciary duty to" Landlord. He does not develop this argument further or cite to supporting authority and, thus, we treat this contention as waived. (See *Marriage of Falcone & Fyke, supra,* 203 Cal.App.4th at p. 1004.)

## ***DISPOSITION***

The appeal of the court's October 23, 2018 and July 11, 2019 orders granting the anti-SLAPP motions is dismissed as untimely. The judgment is otherwise affirmed. Respondents are awarded their costs on appeal.


RUBIN, P. J.

WE CONCUR:



BAKER, J.



MOOR, J.


12