Filed 4/26/23  Caraway v. Haller CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DOUGLAS CARAWAY,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>VICTORIA HALLER,<br><br>        Defendant and Respondent. | A164808<br><br>(San Mateo County<br>Super. Ct. No. 20CIV05524) |

Plaintiff and appellant Douglas Caraway filed this defamation action against defendant and respondent Victoria Haller, alleging that in December 2018 Haller made false and defamatory statements to police after the two got into an altercation over a parking spot.

Specifically, he alleges that as the two were trying to park in the same spot, Haller began yelling at him in an intimidating manner, and then after he finished parking in the spot, she screamed at him and threatened to call the police.  He alleges that he never hit Haller or fled the scene, but that when police arrived, he was arrested for a "hit and run" and the charges were eventually dropped.  In a single count for defamation, he alleged that Haller made "one or more false statements which were intended to impeach [his]

1

honesty, integrity, virtue, or reputation," the "general substance" of which "was that [he] had conducted a 'hit and run' against her."[1]

The trial court granted Haller's anti-SLAPP special motion to strike the complaint (Code Civ. Proc., § 425.16), and this appeal followed.

We reject his sole claim of error and affirm.

## DISCUSSION

### I.

"Litigation of an anti-SLAPP motion involves a two-step process. First, 'the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' [Citation.] Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit." ' [Citation.] If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009; Code Civ. Proc., § 425.16, subd. (b)(1).)

---

[1] We take Caraway's allegations from the complaint that was operative when Haller filed her anti-SLAPP motion in August 2021. That was the original complaint Caraway had filed in December 2020 and amended in May 2021 to substitute Haller for a fictitious defendant. Caraway did not timely respond to the motion to strike, but belatedly filed a "first amended complaint" adding an allegation on information and belief that Haller made defamatory statements to "persons other than the police." He filed a two-page opposition to the motion only two days before the noticed hearing in which he relied on the first amended complaint. In granting Haller's anti-SLAPP motion, the court cited the original complaint and concluded it arose from protected activity, namely, "Haller's complaint about Caraway to law enforcement." This was consistent with well-established authority that a plaintiff may not avoid or subvert an anti-SLAPP motion by amending the complaint. (See, e.g., *Medical Marijuana, Inc. v. ProjectCBD.com* (2020) 46 Cal.App.5th 869, 897-898; *Contreras v. Dowling* (2016) 5 Cal.App.5th 394, 411-412; *Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073-1074.)

We review the court's anti-SLAPP ruling de novo. (*Comstock v. Aber* (2012) 212 Cal.App.4th 931, 941 (*Comstock*).)

## II.

On appeal, Caraway raises a single issue. Citing little legal authority, he argues Haller's allegedly false report to police that he had engaged in a hit and run is not protected activity under Code of Civil Procedure section 425.16. He does not argue, in the alternative, that even if it is protected activity subject to the anti-SLAPP suit, he met his burden to demonstrate he was likely to prevail on the merits of his defamation cause of action. So, we will limit our analysis solely to the first prong of the anti-SLAPP analysis.

Reports to police are protected by the anti-SLAPP statute, as statements made in connection with official proceedings. (*Comstock, supra,* 212 Cal.App.4th at pp. 941-942.) So, for example, in *Comstock* this court held that a cause of action for defamation alleging the defendant had falsely reported to police that the plaintiff had sexually assaulted her was protected activity subject to the anti-SLAPP statute. (See *Comstock,* at pp. 935, 941-942.) And because the plaintiff failed to meet his burden of showing he was likely to prevail on that claim, we affirmed the order granting the defendant's anti-SLAPP motion. (*Comstock,* at pp. 952, 955; see also *Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 966 ["the making of allegedly false police reports also can be protected petitioning activity under the first prong of the anti-SLAPP statute if the falsity of the report is controverted"]; *Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1511-1512 [allegedly false reports of sex abuse to police "clearly arose from protected activity" under anti-SLAPP statute and "[w]e have found no case that reaches a different conclusion"].)

Only if the record *conclusively demonstrates* that a police report is false does it constitute illegal activity that falls outside the scope of protected activity under the anti-SLAPP statute. (See *Kenne v. Stennis, supra,* 230 Cal.App.4th at pp. 966-967, discussing and distinguishing *Lefebvre v. Lefebvre* (2011) 199 Cal.App.4th 696; *Comstock, supra,* 212 Cal.App.4th at pp. 951-952 [same].) That is because "conduct must be illegal *as a matter of law* to defeat a defendant's showing of protected activity," meaning "[t]he defendant must concede the point, or the evidence conclusively demonstrate it, for a claim of illegality to defeat an anti-SLAPP motion at the first step." (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 424.)

Here, Caraway *alleges* that Haller's report to police was untrue, but in support of her anti-SLAPP motion Haller submitted a sworn declaration controverting his allegations. Under penalty of perjury, she said that he did hit her in the leg with his car (multiple times), and then left the scene without providing his name or telephone number, merely telling her he could be found in a nearby restaurant. More generally, she also stated "I truthfully reported what had transpired between me and Mr. Caraway that evening to both the 911 dispatcher and to Deputy Sheriff Duvall." Accordingly, the record does not conclusively demonstrate that Haller's allegedly false statements to police were untrue. Therefore, Caraway's reliance on the alleged illegality of Haller's conduct "gains [him] no traction on the question of whether [his] cause of action arises from protected activity." (*City of Montebello v. Vasquez, supra,* 1 Cal.5th at pp. 424-425.)

Caraway asserts there were no witness or surveillance footage of the incident, and that Haller "refused to allow herself to be examined by emergency personal at the scene of the supposed accident," all of which, he contends, "shows that her statements to police are false and cannot be

4

proven." Such details might affect the weight of the evidence, including a jury's assessment of her credibility. But they do not prove the falsity of her report as a matter of law, in light of her own sworn statements to the contrary.

Caraway also points to the fact that the Legislature has recently enacted an exemption to the litigation privilege for knowingly false police reports (see Civ. Code, § 47, subd. (b)(5), added by Stats. 2020, ch. 327, § 2). The statute does not change our analysis. First, the litigation privilege is not co-extensive with the anti-SLAPP statute. (See generally *Flatley v. Mauro* (2006) 39 Cal.4th 299, 322-325.) Second, as just discussed, knowingly false police reports are illegal (Pen. Code, § 148.5) and as such are not "protected activity" under the first prong of the anti-SLAPP statute—but only if the record conclusively shows the statements were false, which is not the case here.

In sum, Caraway has not demonstrated the court erred in granting Haller's anti-SLAPP motion.

## DISPOSITION

The judgment of dismissal is affirmed. Respondent shall recover her costs.

5

_____
                    STEWART, P.J.

We concur.


_____
MILLER, J.


_____
MARKMAN, J.*




*Caraway v. Haller* (A164808)

* Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.