Filed 7/20/22  King v. Mabaquio CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| KATHEY KING, | |
| Plaintiff and Respondent, | E077221 |
| v. | (Super.Ct.No. CIVDS2023930) |
| PURIFICACION MABAQUIO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Thomas S. Garza, Judge.  Affirmed in part, reversed in part, with directions.

Westphal Law Group and Wesley B. Westphal, for Defendant and Appellant.

Law Office of Michelle D. Strickland and Michelle D. Strickland; Arias & Lockwood and Christopher D. Lockwood for Plaintiff and Respondent.

Defendant and appellant Purificacion Mabaquio gave plaintiff and respondent Kathey King power of attorney, which Mabaquio contends King misused to steal more than $70,000 from her.  Mabaquio reported the alleged theft to law enforcement, leading to criminal charges against King.  At the prosecution's request, those charges were

1

dismissed without prejudice, and they were never refiled. In this civil suit, King alleges various causes of action against Mabaquio, including several based on her filing of the police report and participation in the investigation that culminated in criminal charges filed against King.

In this appeal, Mabaquio contends that the trial court erred by denying her special motion to strike portions of King's complaint (anti-SLAPP motion) pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP statute).[1] Although she sought to strike three causes of action through her anti-SLAPP motion, Mabaquio here contests the trial court's ruling only as to two of them, for abuse of process and intentional infliction of emotional distress (IIED). We find the anti-SLAPP motion should have been granted regarding King's claims arising from the filing of an allegedly false police report and cooperation with the ensuing investigation, which includes the entirety of the abuse of process cause of action and some of the claims asserted within the IIED cause of action. In other respects, the motion was properly denied. We therefore affirm in part and reverse in part the trial court's ruling.

## I. BACKGROUND

Mabaquio and King lived in adjacent mobile homes in Loma Linda, California. According to King, Mabaquio "hired [her] as a Personal Assistant from June 2014 through May 2016" for a monthly $2000 wage. Mabaquio asserts that she thought King

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

"was just helping [her] as a friend" with various matters, without any request for compensation.[2]

In February 2015, Mabaquio executed a durable power of attorney in favor of King. The power of attorney authorized King to act on Mabaquio's behalf, particularly with respect to management of certain rental properties Mabaquio owned and a lawsuit in which Mabaquio was a party, but also with "general authority" to "take full charge of all [of Mabaquio's] property, real and personal, tangible and intangible," and "to do any and all acts in [Mabaquio's] name which [Mabaquio] could do if personally present." Mabaquio avers that she executed the power of attorney "with the proviso" that King "could not use the power of attorney or any of [Mabaquio's] money for King's own personal benefit." That limitation, however, was not express in the power of attorney.

Mabaquio went on an extended trip abroad from September 2015 through April 2016. According to Mabaquio, she discovered upon her return that King had made various unauthorized transactions with Mabaquio's bank accounts and credit cards. The transactions totaled more than $70,000. In May 2016, Mabaquio filed a report with the San Bernardino County Sheriff's Office, complaining of the alleged theft. The Sheriff's Office conducted an investigation over the next several months and forwarded the results to the district attorney. In November 2016, King was arrested and charged with 18 criminal counts (17 felonies, one misdemeanor), including forgery, grand theft, theft from

_____

[2] In August 2016, Mabaquio apparently told a police investigator that she had paid King $300 a month for helping her, but there had been no agreement about such payments between them. She denied agreeing to pay King $2000 per month.

3

an elder/dependent adult (Mabaquio was 77 years old in 2016), and unlawful use of identifying information.

In July 2019, on the prosecution's motion, a court dismissed without prejudice the criminal charges against King. The prosecution stated that it would "determine whether to refile" after "some more investigation." The charges were not refiled.

King brought suit against Mabaquio in November 2020, filing a complaint asserting 10 causes of action, including the abuse of process and IIED causes of action at issue here.[3] In January 2021, Mabaquio filed her anti-SLAPP motion. The anti-SLAPP motion requested that the trial court strike three of King's causes of action, for malicious prosecution, abuse of process, and IIED. The trial court denied the motion.[4]

Mabaquio here contests the denial of her anti-SLAPP motion as to the abuse of process and IIED causes of action only.

## II. DISCUSSION

A. *Applicable Law*

"California's anti-SLAPP statute provides that '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free

---

[3] The other eight causes of action are one for malicious prosecution, two for fraud, three for defamation (two slander, one libel), one for "harassment," and one for "constructive wrongful termination."

[4] The court did not rule on King's request for attorney fees as the prevailing party, reserving the issue for another day. Our record does not reveal how the trial court ever resolved that issue, or even if it did, and no ruling regarding attorney fees has been challenged in this appeal.

speech . . . shall be subject to a special motion to strike, unless the court determines . . . there is a probability that the plaintiff will prevail on the claim.'" (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 381 (*Baral*), quoting § 425.16, subd. (b)(1).) The statute "does not insulate defendants from *any* liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral*, at p. 384.)

"The procedure made available to defendants by the anti-SLAPP statute has a distinctive two-part structure." (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 619.) "A defendant satisfies the first step of the analysis by demonstrating that the 'conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e) [of section 425.16] [citation], and that the plaintiff's claims in fact *arise* from that conduct [citation]." (*Id.* at p. 620.) "If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success . . . . [The court's inquiry at this second step] is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) If the challenged claims do not arise from protected activity, the anti-SLAPP motion may be denied without considering the second step, regarding probability of success. (*C.W. Howe Partners Inc. v. Mooradian* (2019) 43 Cal.App.5th 688, 698 (*C.W. Howe*); *Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1271.)

Our Supreme Court has recently clarified that "[a]nalysis of an anti-SLAPP motion is not confined to evaluating whether an entire cause of action, as pleaded by the plaintiff, arises from protected activity or has merit." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1010 (*Bonni*).) "Instead, courts should analyze each claim for relief—each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action—to determine whether the acts are protected and, if so, whether the claim they give rise to has the requisite degree of merit to survive the motion." (*Ibid.*; see *Baral*, *supra*, 1 Cal.5th at pp. 393-395.)

"'Review of an order granting or denying a motion to strike under section 425.16 is de novo. [Citation.] We consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." [Citation.] However, we neither "weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law."'" (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325-326.)

B. *Analysis*

1. *Waiver*

King briefly argues that Mabaquio's opening brief fails to "accurately summarize the evidence in the record," and that she thereby waived appellate review. This argument does not merit lengthy discussion. Having reviewed the parties' briefs and the record, we find that Mabaquio fairly summarized the *material* evidence in the record. We decline

King's invitation to exercise our discretion to deem any issue waived, even assuming there to be an arguable basis for doing so.

### 2. *Abuse of Process*

King's cause of action for abuse of process arises from allegations that Mabaquio knowingly filed a false police report and participated in the subsequent criminal investigation, causing King to be arrested and charged criminally on "false or untenable" allegations that King had to spend three years contesting. King argues that filing a false police report or otherwise making a false statement to law enforcement is illegal activity, so Mabaquio's conduct falls outside the scope of the anti-SLAPP statute. We are not persuaded.

Generally, communicating with law enforcement regarding an alleged crime, such as by filing a police report, is conduct that falls within the scope of the anti-SLAPP statute. Such communications fall under section 425.16, subdivision (e)(1) and (e)(2), as statements made in, or in connection with matters under review by, an official proceeding or body. (*Comstock v. Aber* (2012) 212 Cal.App.4th 931, 941-942.) This general rule occasionally collides with the principle that illegal activity is not protected by the anti-SLAPP statute. (*Flatley v. Mauro*, *supra*, 39 Cal.4th at pp. 311-333.) It is well established, however, that the "mere allegation that [the defendant] engaged in unlawful . . . activities is insufficient to render [the defendant's alleged actions unlawful as a matter of law and outside the protection of . . . section 425.16." (*Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, 712.)

7

Thus, making a statement to law enforcement that is admittedly false, or that uncontroverted evidence shows to be false, is conduct that is unlawful as a matter of law and outside the protection of section 425.16. (E.g., *Lefebvre v. Lefebvre* (2011) 199 Cal.App.4th 696, 703-705 [wife's report to police about husband was admittedly false and therefore illegal, so it was not conduct in furtherance of constitutional rights of petition or free speech].) "If, however, a factual dispute exists about the legitimacy of the defendant's conduct, it cannot be resolved within the first step [of the anti-SLAPP analysis] but must be raised by the plaintiff in connection with the plaintiff's burden to show a probability of prevailing on the merits." (*Flatley v. Mauro*, *supra*, 39 Cal.4th at p. 316; see, e.g., *Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 966 [making of allegedly false police reports "can be protected petitioning activity under the first prong of the anti-SLAPP statute if the falsity of the report is controverted"]; *Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1512 [allegedly false report to police deemed protected activity because no uncontroverted evidence showed report to be false].)

Mabaquio has not conceded that any statements she made to law enforcement, including the police report, were false, intentionally or otherwise, and there is no uncontroverted evidence that they were. The criminal prosecution against King was dismissed at the prosecution's request, but our record does not show that she ever sought or was granted an adjudication of her actual innocence. (Cf. *Lefebvre v. Lefebvre*, *supra*, 199 Cal.App.4th at p. 700 [husband had been granted judicial finding of actual

8

innocence].)  The general rule that filing a police report is protected conduct under the anti-SLAPP statute therefore applies here.

Our next question, then, is whether King showed a likelihood of success on her abuse of process cause of action.  She did not.  The filing of a police report is not only protected conduct under the anti-SLAPP statute, but also is a statement that falls within the "absolute privilege" established by section 47, subdivision (b) of the Civil Code. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 355, 364.)  Civil Code section 47, subdivision (b), provides that a statement made "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable [by writ of mandamus]" is privileged, with certain exceptions that are inapplicable here.  The absolute privilege bars "all tort causes of action except for a claim of malicious prosecution."  (*Hagberg*, *supra*, 32 Cal.4th at p. 360.)  The absolute privilege applies "without respect to the good faith or malice of the person who made the statement."  (*Id.* at p. 361; see also *Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 955-956 [privilege applies "regardless of malice"].)  Thus, as a matter of law, King cannot show a likelihood of succeeding on an abuse of process cause of action arising from the filing of a false police report or cooperation with the subsequent investigation. It follows that the trial court should have granted Mabaquio's anti-SLAPP motion as to King's abuse of process cause of action.

3. *IIED*

King's IIED cause of action arises in part from her contention that Mabaquio filed a false police report. Insofar as it does so, our analysis above as to her abuse of process cause of action applies with equal force. Mabaquio's filing of the report and cooperation with the subsequent investigation falls within the scope of the anti-SLAPP statute, and King cannot show a likelihood of success on an IIED cause of action based on that conduct because it falls within the absolute privilege of Civil Code section 47, subdivision (b). The anti-SLAPP motion therefore should have been granted as to that portion of King's IIED cause of action.

Also within her IIED cause of action, however, King alleges that Mabaquio "contacted numerous business contacts of [King], negatively interfering with [King's] credit accounts, causing them to be shut down, interfering with [King's] mobile home park manager, [King's] other employer, neighbors and friends by verbalizing her false claims." She alleges that this conduct, in addition to the filing of the police report, caused her "humiliation, mental anguish, and emotional and physical distress."

Statements between private individuals may sometimes fall within the scope of section 425.16. (See *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1116.) Neither in her anti-SLAPP motion, however, nor in briefing on appeal, has Mabaquio asserted that these allegations describe conduct that is protected under the anti-SLAPP statute, and we see no basis for a reasonable argument that they do. As such, insofar as King's IIED claim arises from this unprotected activity, it cannot be struck by

10

an anti-SLAPP motion. (See *Bonni*, *supra*, 11 Cal.5th 995, 1010 [requiring separate analysis for "each act or set of acts supplying a basis for relief"].) Thus, we need not and do not address Mabaquio's arguments aimed at demonstrating that King failed to show a likelihood of prevailing on an IIED claim arising from that activity.[5] (See *C.W. Howe*, *supra*, 43 Cal.App.5th at p. 698; *Hylton v. Frank E. Rogozienski, Inc.*, *supra,* 177 Cal.App.4th at p. 1271.)

Mabaquio seeks to strike King's entire IIED cause of action because the cause of action "is plainly bottomed on [Mabaquio's] communications with law enforcement which [King] alleges to be false," while the other alleged communications are "surplusage." This reasoning, however, is inconsistent with *Bonni*'s instruction that we examine separately each "act or set of acts" described within a cause of action, rather than trying to discern the "'gravamen' or 'principal thrust' of the cause of action." (*Bonni*, *supra*, 11 Cal.5th at pp. 1010, 1012; see *Baral*, *supra*, 1 Cal.5th at p. 393-396.) Certainly, as Mabaquio emphasizes, an anti-SLAPP motion "cannot be defeated by showing a likelihood of success on the claims arising from unprotected activity." The converse, however, is also true; claims arising from unprotected activity are not subject to being stricken on an anti-SLAPP motion, even if they are alleged within a cause of action that also includes some allegations of protected activity.

---

[5] Of course, Mabaquio may raise such arguments on demurrer or summary judgment, where a showing that the claim arises from protected conduct is not a prerequisite. We note that Mabaquio initially filed a demurrer to King's entire complaint, but withdrew the demurrer as to the three causes of action at issue in the anti-SLAPP motion.

## III. DISPOSITION

The denial of Mabaquio's anti-SLAPP motion is affirmed in part and reversed in part. The matter is remanded to the trial court with directions to enter a revised order consistent with this opinion, granting the anti-SLAPP motion as to (1) King's abuse of process cause of action and (2) King's IIED cause of action to the extent it arises from protected conduct, specifically, Mabaquio's filing of a police report and participation in the resulting criminal investigation. The revised order shall deny the anti-SLAPP motion in all other respects. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

MILLER _____
Acting P. J.

MENETREZ _____
J.

12